IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| T.K. PARTHASARTHY, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>T. ROWE PRICE INTERNATIONAL FUNDS, INC., et al.,<br><br>Defendants. | Case No.: 05-CV-302 DRH |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT : RULE 12(b), FED. R. CIV. P.

Defendants T. Rowe Price International Funds, Inc., T. Rowe Price International, Inc., AIM International Funds, Inc. and A I M Advisors, Inc. move to dismiss the Complaint herein on the ground that the Securities Litigation Uniform Standards Act, 15 U.S.C. § 77p(b) and § 78bb(f)(1) ("SLUSA"), bars the maintenance of Plaintiffs' state law claims in any State or Federal Court and, accordingly, they must be dismissed.

## THE LAW

SLUSA, in relevant part, provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b) and § 78bb(f)(1).

On April 5, 2005, the Seventh Circuit in Kircher v. Putnam Funds Trust, 2005 WL

757255,[1] held that actions based on allegations identical to those in this action[2] are "covered class actions" and involved a "covered security" within the meaning of SLUSA, and that SLUSA requires that they be dismissed, stating:

> We hold that SLUSA is as broad as § 10(b) itself and that limitations on private rights of action to enforce § 10(b) and Rule 10b-5 do not open the door to litigation about securities transactions under the state law.  <u>Plaintiffs' claims</u> are connected to their own purchases of securities and thus <u>are blocked by SLUSA</u>, whose preemptive effect is not confined to knocking out state-law claims by investors who have *winning* federal claims, as plaintiffs suppose. It covers both good and bad securities claims—*especially* bad ones. The judgments of the district courts are reversed, and <u>the cases are remanded [to the United States District Court] with instructions to undo the remand orders and dismiss plaintiffs' state-law claims</u>. (emphasis supplied)

Under that binding Seventh Circuit authority, this Court should now dismiss this action.

\* \* \*

As to personal jurisdiction, Defendants T. Rowe Price International, Inc. and A I M Advisors, Inc. adopt the motions filed in the State court, copies of which were attached to the Notice of Removal as Exhibit C and E.

## **CONCLUSION**

The Complaint must be dismissed because SLUSA bars its maintenance in any State or Federal court, including this Court.

Dated:   April 26, 2005

---

[1] A copy of the Opinion is attached as Exhibit A.

[2] A copy of the initial and amended complaints in this action are attached to the Notice of Removal as Exhibit B.  A copy of the Complaint in one of the actions involved in <u>Kircher</u> with allegations of wrongdoing identical to those in this action (except for the identities of the defendants), is attached hereto as Exhibit B.

Respectfully submitted,

Daniel A. Pollack
Martin I. Kaminsky
Edward T. McDermott
Anthony Zaccaria
POLLACK & KAMINSKY
114 West 47th Street, Suite 1900
New York, New York 10036
(212) 575-4700
(212) 575-6560 (Facsimile)

- and -

ARMSTRONG TEASDALE LLP


By:   s/ Lisa M. Wood
       Frank N. Gundlach
       Glenn E. Davis
       Lisa M. Wood
       One Metropolitan Square, Suite 2600
       St. Louis, Missouri 63102-2740
       (314) 621-5070
       (314) 621-5065 (Facsimile)

ATTORNEYS FOR DEFENDANTS
T. ROWE PRICE INTERNATIONAL
FUNDS, INC., T. ROWE PRICE
INTERNATIONAL, INC., AIM
INTERNATIONAL FUNDS, INC. AND
A I M ADVISORS, INC.

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on this 26th day of April, 2005, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys listed below:

George A. Zelcs, Esq.
KOREIN TILLERY
Three First National Plaza
70 West Madison, Suite 660
Chicago, Illinois  60602

Stephen M. Tillery, Esq.
KOREIN TILLERY
10 Executive Woods Ct.
Swansea, Illinois  62226

ATTORNEYS FOR PLAINTIFFS

  The undersigned hereby certifies that on this 26th day of April, 2005, a true and correct copy of the foregoing document was served by first-class mail, postage prepaid, upon the following non-registered participants:

Klint Bruno
LAW OFFICES OF KLINT BRUNO
1131 Lake Street
Oak Park, IL 60301

ATTORNEYS FOR PLAINTIFFS


               s/ Lisa M. Wood_____